**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jul 19 2013, 6:30 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**TIMOTHY J. BURNS**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**J.T. WHITEHEAD**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| TERRENCE MORRIS, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No.  49A05-1301-CR-2 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Valerie C. Horvath, Commissioner
Cause No. 49G17-1211-CM-75571

**July 19, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BAILEY, Judge**

**Case Summary**

Terrence Morris ("Morris") appeals his conviction for Battery, as a Class B misdemeanor.[1] He presents the sole issue of whether there is sufficient evidence to support his conviction. We affirm.

**Facts and Procedural History**

On November 2, 2011, at around 4:30 p.m., Morris ran into the parking lot of Homeless Re-Entry Helpers, where a group of about forty people were gathered awaiting the opening of the doors and meal service. Morris was agitated and screaming, and tried to provoke volunteer Charles Williams ("Williams") into a fight. When Williams declined to fight, Morris turned and twice struck Stephani Dishoungh ("Dishoungh") with a closed fist. The blows left a red mark on Dishoungh's face. Several of the assembled individuals "ended up fighting." (Tr. 27.)

Morris was arrested and charged with Battery, as a Class A misdemeanor, and Domestic Battery.[2] The latter charge was dismissed and, at the conclusion of a bench trial, Morris was convicted of Battery, as a Class B misdemeanor. He was sentenced to 180 days imprisonment (with 110 days suspended to probation). He now appeals.

**Discussion and Decision**

Morris claims that the evidence is insufficient to support his conviction. More specifically, he contends that his conviction should be reversed because the State presented

---

[1] Ind. Code § 35-42-2-1. This statute has since been re-codified. We refer to the statute in effect at the time of Morris's offense.

[2] I.C. § 35-42-2-1.3. This statute has since been re-codified. We refer to the statute in effect at the time of Morris's offense.

2

conflicting testimony from multiple witnesses who had been involved in a confusing melee.

To convict Morris of Battery, as a Class B misdemeanor, the State was required to establish that Morris knowingly or intentionally touched Dishoungh in a rude, insolent, or angry manner. I.C. § 35-42-2-1. When reviewing a claim of insufficiency of the evidence, we do not reweigh the evidence or judge the credibility of the witnesses, but will consider only the probative evidence and reasonable inferences supporting the judgment. Drane v. State, 867 N.E.2d 144, 146 (Ind. 2007). We will affirm the conviction unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. Id.

Williams testified that he saw Morris "punch" Dishoungh. (Tr. 5.) According to Williams, Morris landed two blows with a closed fist. Candice Brooks also testified that she witnessed Williams strike Dishoungh and that Dishoungh began to cry. At that juncture, "everybody just basically jumped in a fight." (Tr. 28.) Indianapolis Metropolitan Police Officer Colin Anslow testified that, upon responding to the report of the incident at the shelter, he observed redness on Dishoungh's cheek. The State presented sufficient evidence to establish beyond a reasonable doubt that Morris knowingly or intentionally touched Dishoungh in a rude, insolent, or angry manner.

Affirmed.

NAJAM, J., and BARNES, J., concur.

3